IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michelin North America Inc., ) | C.A. No.: 6:15-cv-01261-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Vehicular Testing Services LLC, Marvin ) | |
| Foxworth, Doug Foxworth, Theresa Santos,) | |
| American Receivables Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____) | **REPORT AND RECOMMENDATION** |
| Vehicular Testing Services LLC, Marvin ) | **OF MAGISTRATE JUDGE** |
| Foxworth, Doug Foxworth, ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| Michelin North America Inc., ) | |
| ) | |
| Counter-Defendant. ) | |
| _____) | |

This matter is before the Court on a motion to transfer venue filed by Defendants Doug Foxworth ("Doug"), Marvin Foxworth ("Marvin"), and Vehicular Testing Services LLC ("VTS") (collectively, the "VTS Defendants"). [Doc. 72.] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pre-trial matters in cases involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.[1]

Plaintiff filed this case on March 18, 2015, alleging violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, constructive fraud, aiding and

---

[1] Defendant Theresa Santos ("Santos") is proceeding pro se.

abetting a fraud, conversion, negligence, negligent misrepresentation, quantum meruit, and a violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). [Doc. 1.] The VTS Defendants filed a motion to transfer venue on March 15, 2016. [Doc. 72.] Plaintiff filed a response in opposition on April 1, 2016. [Doc. 76.] Defendant American Receivables Corporation ("ARC") and the VTS Defendants filed replies on April 11, 2016. [Docs. 94, 96.] Accordingly, the motion is ripe for review.

## BACKGROUND

Plaintiff is a corporation organized under the laws of the State of New York with its principal place of business in Greenville County, South Carolina. [Doc. 1 ¶ 1.] VTS is a limited liability company organized under the laws of the State of Texas with its principal place of business in Lytle, Texas. [*Id.* ¶ 2.] Marvin, Doug, and Santos are citizens and residents of the State of Texas. [*Id.* ¶¶ 3–5.] Marvin is the President of VTS. [*Id.* ¶ 3.] ARC is a corporation organized under the laws of the State of Texas with its principal place of business in Dallas, Texas. [*Id.* ¶ 6.]

VTS has provided tire testing services to Plaintiff since at least 2003. [*Id.* ¶ 10.] To be compensated for the work performed, VTS submitted a dollar amount for approval by Plaintiff's personnel; upon approval, VTS electronically invoiced Plaintiff through Plaintiff's supplier portal system. [*Id.* ¶ 12.] VTS employed ARC to handle its invoicing and payment collection. [*Id.* ¶ 13.] VTS submitted invoices to ARC and immediately received 85 percent of the amount due on the invoice; once ARC collected payment from Plaintiff, ARC paid VTS the balance due minus a factoring fee kept by ARC. [*Id.* ¶ 15.]

In May 2014, Plaintiff discovered that the amounts being paid to ARC and VTS were greater than the amounts being submitted to Plaintiff's personnel for approval. [*Id.* ¶ 16.]

Therefore, Plaintiff conducted an internal review of VTS's invoicing and payment submissions, and the investigation revealed that Defendants perpetrated a fraudulent billing scheme against Plaintiff involving at least 103 fraudulent payment submissions totaling at least $1,400,000.  [*Id.* ¶ 17.]  Santos, an agent of VTS, admitted to a scheme of fraudulent billing beginning in late 2012 and continuing until it was discovered by Plaintiff.  [*Id.* ¶ 18.] Additionally, VTS's records and communications with Plaintiff from one of its principals demonstrate fraudulent billing from a period beginning in 2012 and continuing through 2014.  [*Id.* ¶ 19.]  Plaintiff continues to investigate to determine the extent and for how long this fraudulent scheme persisted.  [*Id.*]

Plaintiff alleges nine causes of action—fraud, violations of 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d), constructive fraud, aiding and abetting a fraud, conversion, negligence, negligent misrepresentation, quantum meruit, and a violation of SCUTPA—and seeks actual, consequential, and incidental damages; punitive and/or exemplary damages, attorneys' fees and costs, prejudgment or post-judgment interest, and other relief the Court may deem just and proper.  [*Id.* at 14.]

## APPLICABLE LAW

**Motion to Transfer Venue Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.  A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors."  *Stewart*

3

*Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks and citation omitted). When considering whether to exercise its discretion to transfer a case, a court considers the following factors: (1) the weight accorded to the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice.[2] *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

## DISCUSSION

The VTS Defendants argue (a) venue is proper in the Western District of Texas, San Antonio Division, and (b) all factors weigh in favor of transferring this case to the Western District of Texas. [Doc. 72-1.] Plaintiff does not dispute that venue is proper in the Western District of Texas. [*See* Doc. 76.] However, Plaintiff contends that the factors weigh in favor of the case remaining in the District of South Carolina. [*Id.*]

In general, a plaintiff's choice of venue is entitled to substantial weight. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund*, 791 F.3d at 444. Here, Plaintiff selected the District of South Carolina, Greenville Division, to file suit, and Plaintiff's principal place of business is located in Greenville, South Carolina. "[T]here is a substantial interest in providing a forum for a South Carolina company to seek relief for alleged injuries caused by out-of-state defendants." *MuscleDriver USA, LLC v. Smith*, No. 0:11-1777-MBS-PJG,

---

[2]Courts in this district have previously considered seven or eleven factors when deciding motions to transfer venue. *See, e.g.*, *N. Am. Rescue Prods. Inc. v. Bound Tree Med.*, No. 6:07-2936-HFF, 2008 WL 304881, at * 1 (D.S.C. Jan. 31, 2008) (citing *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.*, 751 F.Supp. 93, 96 (W.D.N.C. 1990)); *United States v. $78,850.00 in U.S. Currency*, 446 F.Supp.2d 428, 431 n.2 (D.S.C. 2006) (quoting *Lawson v. Dawson Constr. Plant, Ltd.*, 201 F.3d 436 (4th Cir. 1999) (unpublished table decision)).

4

2012 WL 1825231, at *7 (D.S.C. Apr. 17, 2012), *Report and Recommendation adopted by* 2012 WL 1825235 (D.S.C. May 18, 2012); *see also First South Bank v. Fifth Third Bank, N.A.*, 2011 WL 3419451, at *5 (D.S.C. Aug. 3, 2011) (holding that a plaintiff "has a substantial concern in seeking relief in the state in which its business operates and where it was injured").

With respect to witness convenience and access, to meet its burden, a defendant must

> submit, through affidavits from the witnesses and/or parties involved, the following information: (1) the name of the witness or party; (2) the subject matter to which he or she will testify; [and] (3) a statement from the affiant as to why or to what extent he or she will be inconvenienced by moving the case to another district or allowing the case to remain in the district where it was brought.

*Avant v. Travelers Ins. Co.*, 668 F.Supp. 509, 510 (D.S.C. 1987); *see Figgie Int'l, Inc. v. Destileria Serralles, Inc.*, 925 F.Supp. 411, 414 (D.S.C. 1996) ("Affidavits from the concerned parties and/or witnesses [are] important in determining whether the moving party has met its burden of proof."). In support of their motion, Defendants have submitted the affidavits of Marvin and Doug. In these affidavits, Marvin and Doug aver as follows:

- "Liberty Tax Service has prepared VTS tax returns for the last several years as well as [Marvin's] personal tax returns. Liberty Tax Service is located in the Western District."

- "VTS' bookkeepers during the pertinent time period of this lawsuit are residents of Texas and were not officers of a party defendant."

- "Many of the individuals and witnesses who have knowledge regarding the facts alleged in the Complaint, Answers, and Counterclaims are residents of Texas and are not employed by defendants."
- "Litigating this matter in South Carolina will create a tremendous burden in attempting to have South Carolina counsel review material documents all located in Texas and attempting to have South Carolina counsel meet and interview material witnesses all located in Texas."
- "If this matter were pending in the Western District, this litigation would be more convenient and the engagement, discussion, and preparation of this case would be more convenient."
- "[Doug's] personal tax returns for the last several years were prepared by an individual who resides in Texas and is not an officer of a party defendant."

[Docs. 72-2 ¶¶ 3–6, 9; 72-3 ¶¶ 2–5.] However, they do not state that the tax return preparers or bookkeepers would be witnesses, nor do they describe the anticipated testimony of any witnesses. Without such information, this Court "cannot accept the naked assertion . . . that the convenience of the parties and witnesses, and the interest of justice, warrant a transfer." *Avant*, 668 F.Supp. at 510.

With respect to convenience of the parties, it would be more convenient for Plaintiff if the case remains in the District of South Carolina and more convenient for Defendants if the case is transferred to the Western District of Texas.[3] Thus, if the case is transferred,

---

[3]The Court acknowledges Marvin's averment that because of his health, traveling long distances is difficult and painful. [Doc. ¶ 8.] However, the VTS Defendants failed to address the necessity of Marvin's testimony.

6

the inconvenience would merely shift to Plaintiff. *See Sw. Equip., Inc. v. Stoner & Co., Inc.*, No. 6:10-1765-HMH, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010) ("[T]ransfer of venue is inappropriate if the transfer merely shifts the burdens of litigation from one party to the other.").

Additionally, although the Court acknowledges the VTS Defendants' argument that documents are with VTS, ARC, and their agents in Texas, Plaintiff has submitted the affidavit of Paul A. Jacobs, Plaintiff's Manager of Corporate Security, in which he avers that Plaintiff's documents are located in Greenville, South Carolina, and that VTS has already sent to Plaintiff in South Carolina a substantial volume of VTS's own documents. [Doc. 76-1 ¶ 8.] Moreover, "the location of documents has become a less significant factor as technological advances make the copying, storage, and transfer of documents easier." *McNeil v. Sherman*, No. 2:09-cv-00979-PMD, 2009 WL 3255240, at *8 (D.S.C. Oct. 7, 2009). Accordingly, the Court recommends that the VTS Defendants' motion to transfer venue be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the motion to transfer venue be DENIED.

IT IS SO RECOMMENDED.

                                             s/Jacquelyn D. Austin
                                             United States Magistrate Judge

August 22, 2016
Greenville, South Carolina