IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michelin North America, Inc., | ) | |
| | ) | Civil Action No. 6:15-1261-TMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Vehicular Testing Services, LLC, | ) | |
| Marvin Foxworth, Doug Foxworth, | ) | |
| Theresa Santos, and American | ) | |
| Receivables Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Vehicular Testing Services, LLC, Marvin | ) | |
| Foxworth, Doug Foxworth, | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Michelin North America, Inc., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| | ) | |

Plaintiff filed this action pursuant to 18 U.S.C. § 1964 alleging violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, constructive fraud, aiding and abetting a fraud, conversion, negligence, negligent misrepresentation, quantum meruit, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA").[1]  Defendants Vehicular Testing, LLC, Marvin Foxworth, and Doug Foxworth filed a motion to transfer venue.  (ECF No. 72). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny Defendants' motion to transfer venue. (ECF No. 116). The parties were advised

---

[1]In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge as Defendant Theresa Santos is proceeding pro se.

of their right to file objections to the Report. (ECF No. 116-1). However, no objections to the Report have been filed, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review, the court finds no clear error and, therefore, adopts the Report and incorporates it herein by reference. Therefore, Defendants' Motion to Transfer Venue (ECF No. 72) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 13, 2016
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.