IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michelin North America Inc., ) | C.A. No.: 6:15-cv-01261-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Theresa Santos, ) | |
| ) | |
| Defendant.[1] ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's motion for partial summary judgment against Defendant Theresa Santos ("Santos"). [Doc. 138.] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pre-trial matters in cases involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.[2]

Plaintiff filed this case on March 18, 2015, alleging violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, constructive fraud, aiding and abetting a fraud, conversion, negligence, negligent misrepresentation, quantum meruit, and a violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). [Doc. 1.] On October 31, 2016, Plaintiff filed a motion for partial summary judgment against Santos, requesting that the Court enter summary judgment against Santos on Plaintiff's cause of action for fraud or, in the alternative, on its causes of action for negligent misrepresentation

---

[1]Defendant American Receivables Corporation and Defendants/Counter-Claimants Vehicular Testing Services LLC, Marvin Foxworth, and Doug Foxworth were terminated from this action following the filing of a stipulation of dismissal of the claims and counterclaims between Plaintiff and the dismissed parties. [Doc. 142.]

[2]Defendant is proceeding pro se.

and quantum meruit. [Doc. 138.] By Order of this Court on November 2, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Santos was advised of the summary judgment/dismissal procedure and the possible consequences if she failed to respond adequately. [Doc. 139.] Santos's response to the motion for partial summary judgment was due by December 8, 2016. [*Id.*] Because Santos failed to timely respond and out of an abundance of caution, the Court extended the response deadline and Ordered Santos to respond by January 3, 2017. [Doc. 144.] However, Santos has elected not to respond to the motion.

## **BACKGROUND**

Former Defendant Vehicular Testing Services LLC ("VTS") has provided tire testing services to Plaintiff since at least 2003. [*Id.* ¶ 10.] To be compensated for the work performed, VTS submitted a dollar amount for approval by Plaintiff's personnel; upon approval, VTS electronically invoiced Plaintiff through Plaintiff's supplier portal system. [*Id.* ¶ 12.] VTS employed former Defendant American Receivables Corporation ("ARC") to handle its invoicing and payment collection. [*Id.* ¶ 13.] VTS submitted invoices to ARC and immediately received 85 percent of the amount due on the invoice; once ARC collected payment from Plaintiff, ARC paid VTS the balance due minus a factoring fee kept by ARC. [*Id.* ¶ 15.]

In May 2014, Plaintiff discovered that the amounts being paid to ARC and VTS were greater than the amounts being submitted to Plaintiff's personnel for approval. [*Id.* ¶ 16.] Therefore, Plaintiff conducted an internal review of VTS's invoicing and payment submissions, and the investigation revealed that Defendants perpetrated a fraudulent billing scheme against Plaintiff involving at least 103 fraudulent payment submissions totaling at

least $1,400,000.  [*Id.* ¶ 17.]  Santos, an agent of VTS, admitted to a scheme of fraudulent billing beginning in late 2012 and continuing until it was discovered by Plaintiff.  [*Id.* ¶ 18.]  At her deposition, Santos admitted that in 2012 she began requesting payments greater than those approved by Plaintiff.  [Doc. 138-3 at 8:9–12.]  Santos accomplished the fraudulent billing through two methods: (1) Santos would submit payment requests for amounts that were greater than legitimate invoice amounts, and (2) Santos would submit payment requests based on fictitious invoices that were never approved by Plaintiff.  [*Id.* at 15:2–23.]  Santos further admitted that the fraudulent billing continued until 2014 and that she does not dispute Plaintiff's allegation that the fraudulent payment submissions totaled at least $1,400,000.  [*Id.* at 28:10–24.]

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

As stated, Santos has failed to respond to the motion for summary judgment, despite being given an extension of time in which to file her response.  In light of Santos's failure to respond to the motion, it appears that she does not oppose the motion.  Thus, Plaintiff's motion for partial summary judgment should be granted as unopposed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion for partial summary judgment be GRANTED with respect to Plaintiff's cause of action for fraud.

IT IS SO RECOMMENDED.

                                                        s/Jacquelyn D. Austin
                                                        United States Magistrate Judge

February 13, 2017
Greenville, South Carolina