IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michelin North America, Inc., | ) | |
| | ) | Civil Action No. 6:15-1261-TMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Theresa Santos, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed this action pursuant to 18 U.S.C. § 1964 alleging violations of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO") and the South Carolina Unfair Trade Practices Act, and claims of fraud, constructive fraud, aiding and abetting fraud, conversion, negligence, negligence misrepresentation, and quantum meruit.[1]  (ECF No. 1).  Plaintiff has filed a motion for partial summary judgment on the fraud claim, or alternatively on the claims for negligent misrepresentation and quantum meruit. (ECF No. 138).  Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Plaintiff's motion for partial summary judgment with respect to Plaintiff's cause of action for fraud. (ECF No. 148).  The parties were advised of their right to file objections to the Report. (ECF No. 148-1). However, no objections to the Report have been filed, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, DSC, this matter was initially referred to a magistrate judge.

objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

As noted above, Defendant Theresa Santos ("Santos") has not responded to Plaintiff's partial summary judgment motion. Failure to respond to a motion for summary judgment supported by affidavits does not, however, automatically require the grant of the motion. *See Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law." *Id.* Therefore, even though the plaintiff has failed to respond to the motion for summary judgment, the court must still review the motion and the materials before it to determine if the defendants are entitled to summary judgment as a matter of law. *Id. See also* Fed.R.Civ.P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving

party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To establish a fraud claim under South Carolina law, Plaintiff must show: "(1) a representation; (2) its falsity; (3) its materiality; (4) either the speaker's knowledge of its falsity or reckless disregard of its truth or falsity; (5) the speaker's intent that representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." *Toney v. LaSalle Bank Nat'l Ass'n*, 896 F. Supp. 2d 455 (D.S.C. 2012); *see also Regions Bank v. Schmauch*, 582 S.E.2d 432, 444-45 (Ct. App. 2003).

Michelin brought this action to recover over $1.4 million that was stolen from the company through the submission to Michelin of over one hundred fraudulent payment requests seeking payment for services never provided. When this scheme was discovered in 2014, Santos, an employee of Vehicular Testing Services, LLC ("VTS"), admitted that she created and submitted the false payment requests to Michelin for tire testing services that were never actually performed. She unequivocally confirmed these facts in her August 2016 deposition testimony. (ECF No. 138-3 at 28). Santos admitted that she made false representations to Plaintiff by submitting fraudulent payment requests. (ECF No. 138-3 at 111-113). Santos admitted she knew the representations were false when made and that they were made for the express purpose of stealing money from Plaintiff. (ECF No. 138-3 at 31, 34). It is further undisputed that Plaintiff had no knowledge of Santos' fraudulent scheme until after the money had been stolen. (ECF No. at 68-69). Plaintiff justifiably trusted and relied on its vendor to submit accurate payment requests. (ECF No.138-4 at 4). Because the record establishes each of the elements of fraud beyond any dispute, Plaintiff is entitled to summary judgment on this cause of action.

## CONCLUSION

Accordingly, based on the foregoing, Plaintiff's motion for partial summary judgment (ECF No. 138) with respect to Plaintiff's cause of action for fraud is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 23, 2017
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.